**UNITED STATES of America, Appellee,**

v.

**Joe Louis BRANCH, Appellant.**

**No. 77–1129.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1977.

Decided Nov. 1, 1977.

J. Ronald Lynch, Alexandria, Va. (Howard, Stevens, Lynch, Cake & Howard, Alexandria, Va., on brief), for appellant.

Robert McDermott, Asst. U. S. Atty., and Donald B. Stouffer, Third Year Law Student, Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., and George L. C. Stebbins, Crim. Div., U. S. Dept. of Justice, Washington, D.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and THOMSEN, Senior District Judge.*

PER CURIAM:

Joe Louis Branch was charged in a two count indictment with possessing with intent to distribute 130 dosage units of Dilaudid, a Schedule II narcotic controlled substance, in violation of Title 21, U.S.C., Section 841(a)(1) and violation of the Travel Act, Title 18, U.S.C., Section 1952(a)(3). He was tried to a jury and convicted of both counts and now appeals from those convictions. The primary issue on appeal is whether the trial court acted properly in admitting into evidence the drugs which were obtained as the result of the warrantless arrest and search of the defendant.

The evidence offered at the hearing on the defendant's motion to suppress was substantially undisputed. On July 28, 1976, the Washington, D.C., Metropolitan Police received a tip from an unnamed informant who was known to one of the officers but who had no prior record of supplying reliable information. The informant told them that Joe Louis Branch would be traveling to New York on Eastern Airlines at approximately six o'clock on that day to obtain illegal drugs and would return that same evening. He also described the clothing which Branch would be wearing. The Metropolitan Police relayed this information to the Federal Aviation Administration Police at National Airport, and further advised them that a vehicle bearing a certain license was registered to Branch. They also informed the FAA officers that Branch had previously been arrested for possession of a controlled substance and furnished them a photograph of the defendant. The informant had told the Washington police that he had obtained this information from a conversation with Branch himself.

An FAA investigator at the Washington Airport checked with the airport personnel and verified the fact that an individual matching the description of both the photograph and clothing had boarded a flight to New York City that afternoon. The investigator also verified the information with respect to Branch's prior criminal record and arrest for violation of the narcotics laws. He also checked the license plate number and found it was registered to Branch. The investigator then placed the incoming flights from New York under surveillance, and determined that an individual named Joe Branch had a boarding pass on the Eastern flight scheduled to arrive at ten o'clock, p. m. The investigator waited at the gate and observed an individual getting off the plane who fit the description of Branch. Branch walked out of the terminal area, made two phone calls, and then proceeded to an automobile which he entered together with some other individuals who apparently were waiting for him. The investigator noted that the license number on the vehicle was the one listed to Branch and at that time he placed Branch under arrest. The resultant search yielded the illegal drugs.

The defendant contends that the FAA officer lacked sufficient probable cause to make the warrantless arrest since it was based upon a tip from an informant whose reliability had not been established. He concedes that the case before us is strikingly similar to *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), but notes that in *Draper* the informant had previously furnished the police authorities with reliable information. The defendant argues that the absence of such a prior record of reliable information on the part of the informant is fatal to the Government's position in the present case, and in making this argument relies heavily upon *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In our opinion, however, this argument overreads *Aguilar* and *Spinelli* and ignores the observations and holding of the Court in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

In *Aguilar* the Court stated the so-called "two-pronged test" as follows:

* Honorable Roszel C. Thomsen, District of Maryland, sitting by designation.

"[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * * was 'credible' or his information 'reliable'." 378 U.S. at 114, 84 S.Ct. at 1514.

In *Spinelli*, the Court was called upon "to delineate the manner in which *Aguilar's* two-pronged test should be applied * *." 393 U.S. at 413, 89 S.Ct. at 587. In that case the Court observed that although the affiant stated that his informant was "reliable", he offered the magistrate no reason to support this conclusion, and the Court further noted that the informant's tip did not contain a sufficient statement of the underlying circumstances upon which he based his conclusion that the suspect was running a gambling operation. The Court held that because of these deficiencies, the affidavit fell "short of the standards set forth in *Aguilar, Draper,* and our other decisions that give content to the notion of probable cause." 393 U.S. at 419, 89 S.Ct. at 590.

■ Any idea, however, that under *Spinelli* an informant's prior track record for accurate information is the indispensable touchstone of "reliability" was dispelled by the Court in *Harris.*[1] Noting that the Court of Appeals in that case did not think that there was a substantial basis for believing that the tip was truthful, the Court referred to *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and stated:

"To be sure there is no averment in the present affidavit, as there was in *Jones,* that the informant had previously given 'correct information', but this Court in *Jones* never suggested that an averment of previous reliability was necessary." 403 U.S. at 581, 91 S.Ct. at 2081.

The Court held that knowledge of a suspect's reputation was a practical consideration upon which the officer or a magistrate might properly rely in assessing the reliability of the informant's tip, and observed that "[t]o the extent that *Spinelli* prohibits the use of such probative information, it has no support in our prior cases, logic, or experience and we decline to apply it to preclude a magistrate from relying on a law enforcement officer's knowledge of a suspect's reputation." 403 U.S. at 583, 91 S.Ct. at 2082.

In the present case, the variety of facts which were verified by the police not only attested to the reliability of the informant but supported the conclusion that his information had a reasonably substantial basis in fact. Accordingly, under the test of *Draper, Aguilar* and *Harris,* the police officer acted with probable cause when he arrested Branch upon his appearance at the airport. The arrest was therefore lawful and the search and seizure incident to the arrest was valid. It follows that the court acted properly in denying the motion to suppress and admitting the drugs into evidence at the trial.

Since we find no merit in the other issues raised by Branch, the convictions are affirmed.

*AFFIRMED.*

---

1. *See United States v. Manning*, 448 F.2d 992, 999 (2 Cir. 1971).